USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Robert Pizarro,

            Defendant.

17-cr-151 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Robert Pizarro moves for compassionate release pursuant to 18 U.S.C. § 3582(c). Because the sentencing factors set forth in 18 U.S.C. § 3553(a) do not favor a reduction in Mr. Pizarro's sentence, the Court denies his motion.

**I.    Background**

    **A.    Underlying Offenses and Incarceration**

    The Court sentenced Mr. Pizarro to a mandatory term of life imprisonment plus fourteen years following his conviction in a jury trial for the murder of a cooperating witness. Dkt. No. 370. In January 2015, Mr. Pizarro and an accomplice robbed an auto body shop owned by Robert Bishun, a heroin dealer who had been cooperating with federal authorities. Presentence Investigative Report, Dkt. No. 327, ¶¶ 14–15. They bound him and two witnesses—including a fourteen-year-old boy—with zipties and stole about ten thousand dollars. *Id.* The following March, they began staking out the body shop for a second robbery. *Id.* ¶ 16. They robbed the shop a second time, again binding Mr. Bishun and two customers in the shop with zipties. *Id.* ¶ 17. During the robbery, Mr. Bishun told Mr. Pizarro he was a federal informant. *Id.* Mr. Pizarro and his accomplice then loaded the two customers into the trunks of separate vehicles.

*Id.* The customers managed to escape and contacted the police. *Id.* Officers found Mr. Bishun in the back seat of his car, strangled to death with a zip tie. *Id.*

The Government charged Mr. Pizarro with nine counts including kidnapping resulting in death and murder of a witness to prevent reporting to law enforcement. A jury convicted on all counts. Dkt. No. 370. Although the Court had no discretion in imposing a sentence of life imprisonment for the murder counts and consecutive seven-year terms for the two firearms counts, it noted the brutal, horrific, and senseless nature of the crimes during sentencing. Sentencing Tr,, Dkt. No. 375, at 21. The Court heard testimony from victims during trial recounting the terror Mr. Pizarro inflicted on them during the robberies, and it heard a victim impact statement from Mr. Bishun's fiancé on the devastating impact Mr. Pizarro's crime had on their family. *Id.* at 19–21.

Mr. Pizarro is incarcerated at USP Canaan. *See* Dkt. No. 391. His direct appeal of the criminal judgment against him remains pending. *See* Dkt. No. 372.

**B.     Procedural History**

Mr. Pizarro claims that he filed two administrative requests for compassionate release in October and November 2020. *See* Dkt. No. 391, at *9. The Government represents that the Bureau of Prisons has no record of any administrative request for compassionate release. Gov. Br., Dkt. No. 387, at 8. On October 29, 2020, the Court received Mr. Pizarro's pro se motion for compassionate release by mail. Dkt. No. 384. The Government opposed the motion. Dkt. No. 387. Mr. Pizarro then filed an addendum in support of his motion, which the Court received by mail on December 9. Dkt. No. 391.

II.     **Discussion**

    A.     **Jurisdiction**

"A notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (per curiam) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The Government contends that because Mr. Pizarro's direct appeal remains pending, the Court lacks jurisdiction to grant his motion for compassionate release.

The Court need not decide the question, because it is uncontested that Rule 37 authorizes the Court to deny Mr. Pizarro's motion even if it would lack the power to grant it. When a district court lacks the authority to grant a motion to modify a judgment due to the pendency of an appeal, it nonetheless may, among other things, *deny* the motion. Fed. R. Crim. P. 37; *see also United States v. Cronic*, 466 U.S. 648, 667 (1984). On consideration of the merits, the Court finds that Mr. Pizarro is not entitled to compassionate release and thus declines to exercise its discretion to reduce his sentence.

    B.     **Compassionate Release**

The compassionate release statute provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018, 132 Stat. 5194, 5239, authorizes a defendant serving their sentence to move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *Scparta*, 2020 WL 1910481, at *4. "Chief among the[] changes [made by the First Step Act] was the removal of the BOP as the sole arbiter of compassionate release motions." *Brooker*, 976 F.3d at 233. The First Step Act grants district courts "broad" discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237.

To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and find that "extraordinary and compelling reasons warrant" a reduction in sentence and that release would be consistent with any applicable policy statements issued by the Sentencing Commission. The circumstances of the COVID-19 pandemic are extraordinary and compelling for incarcerated individuals who have medical conditions that place them at a heightened risk of severe illness or death from COVID-19. *See, e.g.*, *United States v. Williams-Bethea*, No. 18-cr-78 (AJN), 2020 WL 2848098, at *4 (S.D.N.Y. June 2, 2020); *Scparta*, 2020 WL 1910481, at *9; *United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020); *accord United States v. Nkanga*, No. 18-cr-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020). However, the Court concludes that the § 3553(a) factors do not favor a reduction in Mr. Pizarro's sentence.

Because the Court sentenced Mr. Pizarro, it is intimately familiar with how these factors apply in this case. Mr. Pizarro committed a horrific murder designed to frustrate law

enforcement efforts in the midst of his second violent robbery of the same auto body shop. *See* Sentencing Tr. at 21. Prior to his arrest in this case he had an extensive criminal history, including a conviction for brandishing and threatening people with an unlicensed firearm. *See* PSR ¶¶ 50–56. The Court acknowledges that Mr. Pizarro had a difficult childhood, including abuse and homelessness. *See* Sentencing Tr. at 14. But the Court must also take into account that Mr. Pizarro has yet to accept responsibility for his offense or show even a modicum of contrition. *See* PSR ¶ 46.

The sentence the Court imposed was the minimum necessary to effectuate the purposes of sentencing at the time, and it remains sufficient but no greater than necessary to achieve those purposes today. Mr. Pizarro's offenses were some of the most serious imaginable, for which federal law requires a life sentence. The Court heard statements during trial and sentencing about the devastating effects of Mr. Pizarro's conduct, and the Government has submitted along with its opposition another statement from members of the victim's family, who continue to suffer from their profound loss. *See* Gov. Br., Ex. B. The Court also believes that Mr. Pizarro, were he released, would continue to pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In particular, the Court notes his substantial criminal history and his repeated violent robberies of the victim's body shop, culminating in a murder to prevent his crimes from coming to light. The sentence the Court imposed is necessary to reflect the seriousness of the offense, to deter like conduct by others, and to protect the public from Mr. Pizarro.

The Court takes into account the effect of the COVID-19 pandemic on the balance of the § 3553(a) factors. But despite the health risks for incarcerated persons, releasing Mr. Pizarro

after only a few years' imprisonment would fall far short of effectuating the purposes of sentencing. Based on its consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court declines to exercise its discretion to reduce Mr. Pizarro's sentence.

### III.  Conclusion

For the foregoing reasons, the Court DENIES Mr. Pizarro's motion for compassionate release (Dkt. No. 384). The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Opinion to Mr. Pizarro and to note the mailing on the public docket.

SO ORDERED.

Dated: February 11, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge