UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/21

United States of America,

–v–

Robert Pizarro,

Defendant.

17-cr-151 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

Robert Pizarro filed a motion to vacate his sentence because he allegedly received ineffective assistance of counsel at his trial and is, he claims, actually innocent of the crimes of which he was convicted. Before he filed the present motion, Mr. Pizarro noticed a direct appeal of his conviction, which is pending before the U.S. Court of Appeals for the Second Circuit. For the reasons that follow, the Court DENIES Mr. Pizarro's motion to vacate with leave to refile following the resolution of his direct appeal.

## I. Background

On April 25, 2018, the Government filed a fourth superseding indictment that charged Mr. Pizarro, and co-defendant Juan Rivera, with nine counts: conspiracy to commit kidnapping (Count One), kidnapping resulting in death (Count Two), murder of a witness to prevent reporting to law enforcement (Count Three), and various robbery offenses (Counts Four through Nine). S4 Indictment, Dkt. No. 82. Following a two-week trial, a jury convicted Mr. Pizarro of all nine counts. Trial Tr. at 2181. The Court on July 29, 2019, denied in full Defendants' motions for an acquittal or a new trial. Dkt. No. 366.[1] Counts Two and Three carried a

---

[1] That Opinion and Order contains a more thorough summary of this case. Dkt. No. 366 at 1–8.

mandatory life sentence, and Counts Six and Nine each required a sentence of seven years to run consecutively. Sentencing Tr. at 20, Dkt. No. 375. Accordingly, the Court on July 30, 2019, sentenced Mr. Pizzaro to a sentence of life imprisonment plus 14 years. *Id.*; Judgment, Dkt. No. 370.

Mr. Pizarro that same day filed a notice of appeal to the U.S. Court of Appeals for the Second Circuit. Dkt. No. 371. The Second Circuit appointed Mr. Pizarro counsel. *United States v. Pizarro*, No. 19-2391 (2d Cir. Aug. 9, 2019), Dkt. No. 14. That direct appeal is still pending and Mr. Pizarro's opening briefing is due on November 29, 2021. *United States v. Pizarro*, No. 19-2391 (2d Cir. Aug. 20, 2021), Dkt. No. 114.

On October 29, 2020, Mr. Pizarro filed with this Court a motion for compassionate release in light of the COVID-19 pandemic and to vacate his sentence based on grounds that he received ineffective assistance of counsel at trial and that he is actually innocent. Pet'r Motion, Dkt. No. 384. The Government filed an opposition to Mr. Pizarro's motion for compassionate release on November 9, 2020, Dkt. No. 387, and an opposition to his motion to vacate his conviction on January 15, 2021, Gov't Br., Dkt. No. 394. The Court denied Mr. Pizarro's motion for compassionate release on February 11, 2021. Dkt. No. 395.

Mr. Pizarro on March 4, 2021, filed a motion with this Court titled "actual innocence claim/vacate," which relied heavily on the materials in his October 29 motion for compassionate release. Pet'r Br., Dkt. No. 397. He filed a "motion addendum" on March 17, 2021, that summarized a news article about wrongful convictions in the Bronx. Dkt. No. 398. On March 22, 2021, Mr. Pizarro filed a motion for a "writ of habeas corpus/ad testificandum," which sought relief on his March 4 motion. Dkt. No. 399. On April 12, 2021, Mr. Pizarro filed a

2

motion to "correct/clear the record," which identified an error in his presentence investigation report and objected to the Court's description of his criminal history as "extensive" in its Order denying him compassionate release. Dkt. No. 403. The Government filed a response, agreeing that the PSR contained an error, albeit a harmless one, and insisting that Mr. Pizarro's seven prior convictions did amount to an "extensive" criminal history. Dkt. No. 405.

On May 10, 2021, in connection with Mr. Pizarro's pending direct appeal, the Court granted the parties' joint request to unseal a large volume of Mr. Pizarro's trial record. Dkt. Nos. 406–63.

## II.   Discussion

Under 28 U.S.C. § 2255, a prisoner in custody serving a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the basis that the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, such a motion must be filed within one year of "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). A petitioner that has already filed a § 2255 motion may not file a "second or successive motion" except under limited circumstances. *Id.* § 2255(h).

Mr. Pizarro claims in his motion that he received ineffective assistance of counsel in violation of the Sixth Amendment and that he is actually innocent of all nine counts. Pet'r Br. at 2–7. Ineffective-assistance claims are often raised in motions filed under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). But the Court will not now decide the merits of Mr. Pizarro's claims.

*First*, Mr. Pizarro expressly disclaims that his motion to vacate his sentence is premised

3

on 28 U.S.C. § 2255. Pet'r Br. at 7–8 ("This is NOT a 2255 motion."). And, as Mr. Pizarro notes, district courts may not recharacterize a pro se petitioner's motion as one brought under § 2255 without providing prior notice, lest the petitioner unintentionally trigger § 2255's strict second-or-successive-petition bar. *See Castro v. United States*, 540 U.S. 375, 382 (2003). But Mr. Pizarro does not identify an alternative procedural vehicle that would authorize the Court to grant the relief that he seeks. He refers to his motion as a claim of actual innocence, but the cases upon which he relies involved motions brought under § 2255 or § 2254, the equivalent for prisoners held in state custody. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 617 (1998); *Schlup v. Delo*, 513 U.S. 298, 306 (1995); *Murray v. Carrier*, 477 U.S. 478, 484 (1986).[2]

"[F]ederal prisoners challenging the legality of their convictions or sentences *must* proceed by way of motion pursuant to 28 U.S.C. § 2255." *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (emphasis added); *see also Legrano v. United States*, 513 F. App'x 6, 7 (2d Cir. 2013); *United States v. Guang Ju Lin*, No. 09-CR-746 (SHS), 2020 WL 3819347, at *1 (S.D.N.Y. July 8, 2020) ("These objections are plainly challenges to the legality of his sentence which must be heard as a 28 U.S.C. § 2255 motion."). Mr. Pizarro's attempt to obtain a "second bite at the apple" by filing a motion to vacate his sentence outside of a § 2255 motion is without merit. *Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021).

The Court therefore denies Mr. Pizarro's motion because, outside of 28 U.S.C. § 2255, it lacks the authority to vacate his sentence.

---

[2] There is also uncertainty about whether a non-capital petitioner may raise a freestanding claim of actual innocence in the absence of a constitutional violation. *See Jimenez v. Stanford*, No. 16-CV-8545 (AJN), 2021 WL 4199914, at *5–6 (S.D.N.Y. Sept. 15, 2021)

*Second*, even if Mr. Pizarro had filed a motion under § 2255, the Court would decline to consider his claims on the merits because his direct appeal is still pending. "Ordinarily, a defendant must exhaust his direct appeals before applying for habeas relief." *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). "[H]abeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature." *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010); *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (clarifying that this "practice is one of judicial economy," not of jurisdiction). "Thus, district courts in this Circuit have generally denied without prejudice as premature those § 2255 motions that are filed during the pendency of a direct appeal." *Rivera v. United States*, No. 13-CR-424-1 (KMW), 2016 WL 9022576, at *1 (S.D.N.Y. Aug. 24, 2016) (collecting cases). Because Mr. Pizarro's direct appeal is still pending, the Court denies his motion without prejudice, and would do so even if it construed it as a § 2255 motion. *Id.*

In sum, Mr. Pizarro has not filed a § 2255 motion and the Court, following Mr. Pizarro's request, does not construe it as such. The Court therefore cannot grant the relief requested. Mr. Pizarro may file his first § 2255 motion following the conclusion of his direct appeal to the Second Circuit. The Court reminds Mr. Pizarro that he must do so within one year either of his conviction becoming final or one of the three other conditions listed in 28 U.S.C. § 2255(f). Under § 2255(f)(1), a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

### III.  Conclusion

For the foregoing reasons, the Court DENIES Mr. Pizarro's motion to vacate his sentence

with leave to refile pending his direct appeal.

The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion and Order to Mr. Pizarro and to note the mailing on the public docket.

This resolves docket numbers 384, 397, 399, and 403.

SO ORDERED.

Dated: October 6, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge