USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10//19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Robert Pizarro,

          Defendant.

17-cr-151 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On October 14, 2021, the Court received in the mail from Mr. Pizarro the attached motion for a writ of habeas corpus. The motion was signed by Mr. Pizarro on October 3, 2021, and postmarked October 5, 2021, and thus predates the Court's Opinion and Order dated October 6, 2021. Upon reviewing the motion, the Court concludes that it would not have altered its assessment of Mr. Pizarro's prior motions, which the Court denied without prejudice. For the reasons stated in the Court's Opinion and Order dated October 6, 2021, no further action will be taken on this filing.

    Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

    This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so in forma pauperis status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    The Clerk of Court is respectfully asked to mail a copy of this Order to Mr. Pizarro and note the mailing on the public docket.

SO ORDERED.

Dated: October 18, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge

Case No: 17-cr-151 (AJN)

Comes Now Pro Se Petitioner <u>Robert Pizarro</u> And Request That This Court Hold His Pro Se Brief To A Less Stringent Standard Then One Filed And Prepared By A Seasoned Attorney. See <u>Thomas v. Eby</u>, 481 U.S 434, 440 (6th Cir. 2007); <u>Haines v. Kerner</u>, 404 U.S 519-21 (1972).

In Support Of Petitioners Present Brief, He Asserts The Following Grounds For Relief.



RECEIVED
OCT 14 2021
ALISON J. NATHAN
U.S. DISTRICT JUDGE
S.D.N.Y

Cover Page

See Attachment A

# United States District Court
# Southern District Of New York
## (NOTICE OF ACTION)
## (AdTESTIFICANDUM)

| | |
|---|---|
| United States of America | 17-cr-151 (AJN) |
| V. | **ORDER** |
| Robert Pizarro | Pursuant to Federal Rules of Civil Procedure Rule 2. Cause of Action, Equitable Relief For Good Cause In The Interest of Justice |
| Pursuant to U.S.C.A. 2241, Habeas Corpus Pursuant to U.S. Const. Art. I, §9, Writ of Habeas corpus adtestificandum, Writ of Habeas corpus adjiciendum | Cause of Action Habeas Corpus Adtestificandum, Habeas Corpus AdSubjiciendum, U.S. Const. Art. I, §9, 28 U.S.C.A §2241 |

Alison J. Nathan, District Judge:

An order of _____ 2021, set a court apperance for Mr. Pizarro's motion of adtestificandum to testify on his own behalf, to have a evidentiary hearing to review a wrongfully imposed punishment, judgement, upon defendant Robert Pizarro. That this court adjudicate the controveries and cases submitted to the court for review and complete adjudication, merger of law equity, principle to establish equitable relief. And that this request to the court for substantive equitable relief still govern. **Fed.R.civ.P.2.** Thus this present motion and submitted **(ORDER)**

(1)

## PLEASE NOTE

Joseph Merceno

Defendant has satisfied the test for bad faith, good faith of the prosecution. That the test is whether the questioning party exhibited bad faith by calling a witness sure to be unhelpful to its case.

As in the prosecutions calling, relying on the witnesses of (<u>John Baumeister</u>, <u>Det. Eric Rivera</u>, <u>Gabriel Gullien</u>, <u>CI</u>, <u>D.A.N.Y. Cooperator</u>, and <u>Kasheen "Cash" Samuels</u>) <u>None of these persons were cross examined by Court appointed counsels of defendant Pizarro</u>, as is the Sixth Amendment Right of Pizarro. Upon evidence introduced by the prosecution to undermine the defense and convict by and through the probable cause for arrest of the defendant. Utilizing these uncooborated, unfounded testimonies by these informants and government witnesses to arrest, convict, sentence the defendant to life plus 14 years imprisonment.

<u>Thus the right to confrontation was suppressed by the prosecution and the court. Moreover the right to meaningful confrontation means more than being allowed to confront a witness physically. A criminal defendant states that a violation of the confrontation clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness and thereby to expose to the jury the fact from which jurrors could appropiately draw inferences relating to reliability of the witness. This Sixth Amendment Right to confrontation was not applied to the defendants present case scenario.</u>

(2)

In fact the defendant was strategically denied these due process equal protection rights of the United States Constitution. Thus prejudicing Pizarro's opportunity at a fair trial, fair result, in his Court proceedings. In futher violation of these aforementioned, forementioned rights to the Constitution and the laws of these United States.

Bias refers both to a witness personal bias for or against a party and to his/her motive to lie. <u>As provided by defendant, the numerous violations of his rights by the Police and the uncooborated testimonies of The (CI) and induced testimonies by the government witnesses that were/are lies and untruths, unsubstanticated, or later proven to be lies.</u> See <u>Brady v. Maryland</u> (1963). Thus to make it clear cross examination of bias is always a proper subject of cross-examination. To make cross examination based upon a witness bias effective (and thus satisfying the Sixth Amendment) defense counsel must be permitted to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness.

A trial court ruling therefore infringes on the Sixth Amendment Right to confrontation when it precludes the defense from pursuing a line of examination that is necessary to enable the jury to evaluate the witness credibility. It is not enough that the possibility of bias be mentioned, counsel must be permitted to present the nature and extent of the bias. See <u>Drescoll v. Delo</u>, 71 F.3d 701 (8th Cir. 1995); Trial counsel has a duty to follow leads, failure to properly utilize witnesses prior

(3)

inconsistent statements for impeachment purposes of Gabriel Guillen (person who truly confessed to being involved with the murder of the victim)(who at this moment is incarcerated for another henious crime.) McCall v. O'Brady, 714 Supp. (N.D. ILL 1989); United States v. Tuker, 716 F. 2d 576 (9th cir. 1983); Hyman v. Aiker, 824 F. 2d 1405, (4th cir. 1987); Eldridge v. Atikins, 665 F. 2d 228 (8th cir. 1981).

Therefore this violation of the Sixth Amendment Confrontation Clause is of Paramont intent and objective to be relied upon as exculpatory evidence, that the jury should have heard for review of the proof needed for beyond a reasonable doubt to convict...

Therefore the record will/does reflect this monumental oversite that must be corrected to prevent this ongoing misscarriage of justice, constitutional error, that there are Three components of a true Brady violation as in this present case of the disputed information. (1) the information be favorable to the accused either because it is directly exculpatory or (2) because it is impeaching (3) Suppressed by the government, and that it is material. This information is of a Brady nature and should be reviewed.

This information being presented to this court creates the reasonable probability that is material to this case. Strickland 527 U.S. at 281-82. Information is material when "there is a reasonable probability that had the evidence been disclosed to the defense the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 669, 882, 105 S.ct. 337, 587 L.Ed. 2d 481 (1985)

A reasonable probability of a different result occurs when the suppression "Undermines confidence in the outcome

(4)

of the trial." Kyles, 514 U.S. at 434 (quoting Bagley 473 U.S. at 678). When the information is favorable, suppressed and material **we must reverse** irrespective of the good faith, bad faith of the prosecution. Brady, 373 U.S. at 87.

The burden is proven by the defendant, by and throughout the record, reflecting the bias by not submitting evidence of anothers confession (Guillien; D.A.N.Y Cooperator) to the murder for proof beyond a reasonable doubt to convict. Therefore (by law) this ad testificandum need be granted forthwithin the interest of justice, travesty, and to prevent an ongoing manifest injustice also.

Finally, if the same evidence was in the possession of the prosecution there would be no special stipulations to serve the cause of justice. Therefore Pizarro request that this honorable court issue a writ of habeas corpus ad testificandum, that he may be discharged from the unconstitutional confinement of the sentence to have Pizarro brought back before the court for good cause, to be relieved of this/these numerous constitutional violations and the Sixth Amendment violation of the Confrontation Clause of confession by (Gabriel Guillien) to the actual murder the defendant is/has been sentenced and convicted of. That there was a grave miscarriage of justice in not allowing the defendant to cross-examine for exculpatory evidence of the committed crime, and also ineffectiveness of counsel for not retrieving the information as exculpatory Brady material. Brady v. Maryland, (1963); That because defense counsel failed to investigate _and present_ mitigating evidence of the confession by prosecutions

(5)

witness (CI/Guillien) during penalty phase of the proceeding warranted an evidentiary hearing to resolve the actual factual innocence, along with the ineffective assistance of counsel claim as well. See also <u>Bean v. Calderon</u>, 163 F.3d 1073 (9th Cir. 1998); <u>Christy v. Horn</u>, 28 F.Supp.2d 307 (W.D.Pa. 1998); <u>U.S. Ex. Rel. Maxwell v. Gilmore</u>, 37 F.Supp.2d 1078 (N.D.Ill. 1999); <u>Abdur Rahman v. Bell</u>, 999 F.Supp. 1073 (M.D.Tenn. 1998); <u>Corell v. Stewart</u>, 137 F.3d 1404 (9th Cir. 1998); <u>Dobbs v. Turpin</u>, 142 F.3d 1383 (11th Cir. 1998); <u>Jackson v. Herring</u>, 42 F.3d 1350 (11th Cir. 1995); <u>Baxter v. Thomas</u>, 45 F.3d 1501 (11th Cir. 1995); <u>Glock v. Singletary</u>, 84 F.3d 385 (11th Cir. 1994).

So prays petitioner that these claims for relief and allegations at law be adjudicated by the court to recieve full panoply of legal review or to convene a hearing to resolve the matter at law.

## <u>DECLERATION PURSUANT TO 28 U.S.C 1746</u>

I <u>Robert Pizarro</u> under penalty of prejury state that the aforementioned forementioned litigation, case law, supported facts are true, correct to the best of my knowledge and belief.

<u>Respectfully Submitted</u>:
<u>Mr. Robert Pizarro</u>
Robert Pizarro

<u>Dated: 9-20-2021</u>

(6)

# CERTIFICATE OF SERVICE

On This day of September 30, 2021, I Sent A Copy of This Motion to the Clerk of the Court.

(Ad testificandum); (Decleration); and (Marshall Transport)

Respectfully Submitted:
Robert Pizarro
Robert Pizarro

|  |  |
|---|---|
| Ad testificandum & Writ of Habeas Corpus | |
| One St.Andrewa Plaza<br>New York,NY 10007 | Defense Attorney<br>Elizabeth E.Marcedonio<br>40 Fulton Street,23 Flr.<br>New YOrk,NY 10004 |

AUSA PROSECUTORS

Jessica Fender

Jared Lenow

Jason Swergold

Margaret Graham

Louis M. Freeman
75 Maiden Lane,Suite 503
New York,NY 10038

Mark S. DeMarco
3867 E. Tremont Ave.
Bronx,NY 10465

Carla M.Sanderson
260 Madison Ave.Flr.22
New York,NY 10016

## CERTIFICATE OF SERVICE

ON THIS DAY OF October 3   2021.I SENT A COPY OF THIS Ad testificandum Notice and writ to supeona the above mentioned parties to the Marshalls and clerk of the court.

Respectfully Submitted by

Robert Pizarro

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

TO UNITED STATES MARSHALS OFFICE
UNITED STATES MARSHAL
500 PEARL ST. SUITE 400
NEW YORK, NY 10007

NOTICE OF ACTION WRIT OF HABEAS CORPUS Ad TESTIFICANDUM

TO PRODUCE THE BODY OF ROBERT PIZARRO TO THE COURT OF THE DISRICT COURT OF NEW YORK, SOUTHERN DISTRICT OF NEW YORK. FOR THE PURPOSES OF TESTIFYING ON HIS OWN BEHALF CONCERNING ACTUAL, FACTUAL INNOCENCE OF A CRIME NOT COMMITTED BY HIM. DOCKET NO. 17-Cr-151.

SENT TO THE FOLLOWING PERSONS: Assistant United States Attorney's / Jessica Fender, Jared Lenow, Jason Swergold, Margaret Graham/at One St. Andrews Plaza New York, NY 10007.

Defense Attorney"s, Elizabeth E. Macedonio, 40 Fulton Street, 23 Flr. New York, NY 10004/Louis M. Freeman 75 Maiden Lane Suite 503 New York, NY 10038/ Mark S. DeMarco 3867 E. Tremont AVE. Bronx, NY 10465/Carla M. Sanderson 260 Madison Ave Flr. 22 New York, NY 10016

United States Court House
Honorable District Court Judge
Judge Alison J. Nathan
40 Foley Square/New York, NY10007
Signature_____

Submitted by Petitioner
*Robert Pizarro*

CERTIFICATE OF SERVICE

ON THIS DAY OF October 3 2021. PETITIONER SENT A COPY OF THIS WRIT TO THE UNITED STATES MARSHALS OFFICE AND THE CLERK OF THE COURT.

SUBMITTED BY PETITIONER
*Robert Pizarro*

# Attachment A

**RECEIVED OCT 14 2021 ALISON J. NATHAN U.S. DISTRICT JUDGE**

Judge Alison J. Nathan:

Pizarro has legally satified his burden of proof in his actual/factual innocence claim. He is entitled to relief from judgement or order, Pursuant to Fed. R. Civ. Proc. Rule 60(b). Pizarro has provided an attachment in accordance with his claims (verbatim) in (United States v. Ali Sadr Hashemi Nejad)

The government has in fact been withholding exculpatory evidence (and still are/is) that exonerates Pizarro completely. It has been alleged that this prosecutorial misconduct is/was do to "lack of training", which these Southern District Attorney's continue to argue in every case they get caught in knowingly surpressing exculpatory evidence.

They alleged it in Pizarro's life changing case, two years prior to alleging it in the Ali Sadr case, and God knows how many other cases. These are "PATTERNS"! As quoted in news article by hon. Judge Alison J. Nathan.

It is not "lack of training" to knowingly and intentionally stage evidence, as proven to be done in Pizarro's case. It's not "lack of training" to knowingly proffer evidence that was proven later - was never found or collected. And it's definitely not "lack of training" to knowingly lie on affidavits for probable cause.

This is criminal acts, intentionally done on behalf of these government attorney's in the Southern District of New York. This can no longer be categorize as "lack of training" or "errors". The acts of these attorney's have left a person - human being - innocent of the crimes alleged in a gravely predicament, along with his family.

Pizarro so prays that this honable Court does not let this intentionally miscarriage of ~~judg~~ justice continue a second longer. Pizarro prays he be restored back to his constitutional right as a citizen of these United States of America - to his life and liberty.

Respectfully Submitted: Robert Pizarro

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: CAA-E-B

---

FROM: ~~~~~~~~~~
TO: 69026054
SUBJECT: Article Feb 25 2021
DATE: 09/28/2021 12:06:09 PM

Newly disclosed documents from inside the U.S. attorney's office in Manhattan capture a sense of panic and dread among prosecutors and their supervisors as one of their cases collapsed last year amid allegations of government misconduct.

The materials include a rare look at sensitive emails and text messages between junior prosecutors and their overseers after a federal judge began to inquire about lapses that ultimately led the Justice Department to abandon a conviction in a case it had already won.

Prosecutors in the Southern District of New York wrote each other in March 2020 that "yeah, we lied" in a letter to Judge Alison Nathan about a key document it had failed to share with defense lawyers. The office later retreated from that characterization, arguing instead the trouble resulted from a rush to file papers under a tight deadline.

In another newly revealed exchange, one supervisor in the terrorism and international narcotics section emailed his co-chief after the problems began to surface that the trial team had done some "pretty aggressive stuff here over the last few days."

"This is going to be a bloodbath," the other supervisor replied.

Earlier, a junior lawyer on the case suggested they "bury it" in a stack of other papers they provided the defendant, apparently in hopes the critical document would be overlooked during the rush of the trial.

Judge Nathan did not conclude the U.S. attorney's office engaged in intentional wrongdoing, but she has referred lawyers there to the Office of Professional Responsibility at Justice Department headquarters, a unit that investigates attorney misconduct. The judge also asked FBI inspectors to probe separate allegations against FBI agents on the case.

Nathan expressed astonishment that the disaster continues to unfold. In its latest filing, seven months after the judge began to demand detailed explanations, she said the government had come clean about yet another failure.

"The trial team's failure to promptly investigate the origins of [the key document] and to communicate about discovery with other governmental agencies reflects a systematic disregard of their disclosure obligations," the judge wrote. "Prosecutors then compounded these missteps through a sustained pattern of refusing to fess up."

The extraordinary saga unfolded in a case against Ali Sadr Hashemi Nejad, accused of violating American sanctions laws against Iran by moving millions of dollars in payments for his family business through the U.S. financial system. His lawyers, Brian Heberlig and Reid Weingarten, have since ensured Sadr will face no immigration-related consequences from the failed prosecution.

"The prosecutorial misconduct in this case has been shocking and disappointing," Heberlig told NPR. "We applaud Judge Nathan's decision to fully expose this extraordinary saga to prevent it from happening again."

The U.S. Attorney's office had sought to shield their internal communications from public view. But the judge found there's a significant public interest in understanding what went wrong and ensuring it never happens again.

"The Court hopes that as the Southern District of New York puts this unfortunate chapter behind it, these documents will provide other prosecutors and members of the public some insight into how the Government came to so badly mishandle its ethical obligations in this case, some deterrence for misconduct in future prosecutions, and some assurance that the judiciary treats these matters with the utmost seriousness," Nathan wrote.

A spokesman for Acting U.S. Attorney Audrey Strauss declined comment on the matter. The office had previously pledged to overhaul its training for prosecutors to prevent the sort of systemic shortcomings the Sadr case identified. With the exception of one supervisor who has left the government for private law practice, the other prosecutors remain in the U.S. attorney's office.

A spokesman for the Justice Department unit that investigates lawyer wrongdoing didn't offer any comment on the judge's referral in the Sadr case. Transparency advocates have long criticized that office, known as OPR, for taking too long and for operating in secret.

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: CAA-E-B

--------------------------------------------------------------------------------

On Wednesday, Senate Judiciary Chairman Dick Durbin, D-Ill., and Utah Republican Sen. Mike Lee introduced legislation that would expand the jurisdiction of the department's well-regarded inspector general to scrutinize attorney misconduct. They said the move is needed to enhance accountability and oversight.

Copyright 2021 NPR. To see more, visit https://www.npr.org.

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: CAA-E-B

----------------------------------------------------------------------------------------------------

FROM: ███████████
TO: 69026054
SUBJECT: Article Feb 17 2021
DATE: 09/28/2021 12:06:09 PM

MIAMI (AP)   A federal judge has urged the Justice Department to open an internal probe into possible misconduct by a team of high-profile prosecutors in New York for withholding key evidence in the case of an Iranian businessman charged with breaking U.S. sanctions.

Judge Alison Nathan said in a ruling Wednesday that she found no evidence that prosecutors from the terrorism and international narcotics unit in the southern district of New York intentionally withheld key evidence or misled the court in the case against Ali Sadr Hashemi Nejad.

Nonetheless she viewed the errors   which included a prosecutor's suggestion that the government "bury" a key document   severe enough to warrant a "full investigation" by the Department of Justice's Office of Professional Responsibility. She also granted a request by The Associated Press to unseal documents in which prosecutors were ordered to explain their mishandling of the evidence.

ADVERTISEMENT

"Accountability and reform can also come from sunlight," Nathan ruled.

"The prosecutorial misconduct in this case is of exceptional public interest, bearing both on the fair administration of justice for criminal defendants and the efficacious prosecution of violations of federal law."

A spokesperson for U.S. Attorney Audrey Strauss in Manhattan declined to comment.

Sadr was found guilty last March of using a network of front companies to funnel through U.S. banks more than $115 million in payments related to a construction project in Venezuela to his family's business in Iran, in violation of U.S. sanctions. He faced a maximum of 125 years in prison for charges including money laundering and bank fraud.

Then, as Sadr was awaiting sentencing, prosecutors suddenly dropped the charges while revealing what they called "disclosure -related issues" that they acknowledged would've altered Sadr's defense strategy.

Judge Nathan at the time excoriated prosecutors for the abrupt reversal and what she called "patterns" in the mishandling of evidence that possibly extended beyond this single case. In an unusual move, she ordered prosecutors to come clean and explain their actions, in writing and under oath.

The AP last October intervened in the case to ask the judge to make public the declarations filed under seal by six prosecutors, including Emil Bove and Shawn Crowley, who headed the unit at the time of the Sadr trial. As a result of Nathan's order, prosecutors have until Feb. 24 to propose redactions or comply. Crowley has since moved into private practice while Bove remains co-head of the unit.

The embarrassing revelations in the case led the U.S. attorney in Manhattan to reinforce training for prosecutors and investigators. Under what's known as Brady rules, prosecutors are required to hand over to defendants evidence that may help them prove their innocence.

The judge's unusual reprimand also reverberated in several other sanctions cases in New York, including one involving late disclosures of evidence taken from the computer of a Venezuelan pilot who had worked for years as a government informant but was later found to have lied to his handlers.

Christine Chung, an attorney representing a defendant fingered by the Venezuelan informant, said prosecutors dodged a bullet in not facing a more severe sanction from the judge.

"It's cold comfort that there wasn't intentional misconduct when the prosecuting office that considers itself the best in the nation fails to turn over exonerating evidence because of 'grave' and 'systemic' failure," said Chung, who previously worked in the same federal prosecutors' office.

"The sworn declarations of the individual prosecutors, when unsealed as the court ordered, will presumably make even clearer

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: CAA-E-B

----------------------------------------------------------------------------------------

just how bad those system failures were."

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: CAA-E-B

---

FROM: ~~[redacted]~~
TO: 69026054
SUBJECT: Article Feb 21, 2021
DATE: 09/28/2021 01:21:11 PM

federal judge is pushing for an investigation into the conduct of prosecutors who secured a guilty verdict in a sanctions case that was later dismissed over disclosure failures.

Judge Alison Nathan of the U.S. District Court for the Southern District of New York, in an order this week, pressed for a review by the U.S. Justice Department's Office of Professional Responsibility, an ethics and integrity investigative unit, over what she described as the systemic nature of errors and apparent misconduct related to the case against Ali Sadr Hashemi Nejad.

Mr. Sadr had been charged in 2018 for allegedly using a network of front companies to funnel more than $115 million in payments related to a housing project his Iranian family business had agreed to build in Venezuela on behalf of the Iranian government, according to the Justice Department. U.S. sanctions generally prohibit the use of U.S. financial services for transactions involving Iran.

Jurors convicted Mr. Sadr of bank fraud, money laundering and sanctions charges after a March 2020 trial. But prosecutors sought to drop the case in June after reviewing allegations by Mr. Sadr that the government had failed to turn over possibly exculpatory information in a timely manner. Judge Nathan indicated that prosecutors could have faced disciplinary action before she dismissed the case in July.

NEWSLETTER SIGN-UP
Risk and Compliance Journal
Our Morning Risk Report features insights and news on governance, risk and compliance.

PREVIEW
SUBSCRIBE
In an order Wednesday, she said prosecutors didn't knowingly withhold the information and that they didn't intentionally misrepresent facts. But she said a review of the case would help prevent future disclosure debacles and the misuse of search-warrant findings.

WSJ NEWSLETTER

Notes on the News

The news of the week in context, with Tyler Blint-Welsh.
I would also like to receive updates and special offers from Dow Jones and affiliates. I can unsubscribe at any time.I agree to the Privacy Policy and Cookie Notice.

SIGN UP
A spokesman for the U.S. attorney's office for the Southern District of New York declined to comment. A spokesman for the Justice Department declined to comment.

Reid Weingarten, a Steptoe & Johnson LLP lawyer who represents Mr. Sadr, said Judge Nathan's order is an acknowledgment of mistakes made "one after another" by prosecutors, but confirmation that they didn't act maliciously. Mr. Sadr, who lives in the Washington, D.C. area, is trying to rebuild his life and "get past this nightmare," Mr. Weingarten said.

Prosecutors are obligated to hand over before trial any evidence that could help defendants prove their innocence. Prosecutors who suppress such evidence can face allegations of misconduct and possible disciplinary action.

In the Sadr case, government lawyers acknowledged failures in quickly disclosing potentially exculpatory information during, before and after the trial.

Judge Nathan, in a September opinion, said prosecutors had tried to "bury" evidence. She described systemic issues related to suppression and disclosure in the case, as well issues such as a changing cast of prosecutors working on the case and possible communication failures between prosecutors and the Federal Bureau of Investigation. She also cited insufficient training for FBI agents and prosecutors on limits to searches of electronic discoveries from search warrants and on disclosure obligations..

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: CAA-E-B

---

In recent months, prosecutors in the Sadr case described a number of warrant-related issues in response to questions from Judge Nathan. Federal investigators mined documents obtained from state search warrants for federal crimes without the authorization of a federal-level warrant, according to court documents. Mr. Sadr's case was first investigated by the Manhattan district attorney's office before it was referred to federal prosecutors.

Judge Nathan on Wednesday asked the government to submit a report within six months concerning disclosures related to the use of information gathered by the FBI through search warrants.

An FBI spokeswoman declined to comment.

MORE FROM RISK & COMPLIANCE JOURNAL





Judge Alison J. Nathan
United States District Courthouse
40 Foley Square
New York, NY 10007

Legal Mail

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
FEDERAL BUREAU OF PRISONS